■ In the Matter of the Claim of JOSEPH LEPKOWSKI, Respondent, v CHAUTAUQUA COUNTY LEGISLATURE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed June 11, 1976. Claimant, at the time of the accident giving rise to this claim, was a county legislator and the Supervisor of the Town of French Creek in Chautauqua County. He received notice of a meeting of a legislative committee of which he was a member to be held at a specified time in a restaurant in the City of Jamestown. Claimant arrived at the time and place designated, and upon finding no other committee members present, checked at another location, and about an hour later ascertained by phone call to the chairman of the committee that the meeting had been canceled earlier that day. Claimant was reimbursed for travel expenses for the 31-mile journey from his home to the would-be meeting site. Claimant elected to remain there for dinner, during the course of which he engaged in conversations with local businessmen relating to town and county affairs in which the businessmen had a personal interest. Subsequently, claimant was injured in an automobile accident en route to his home. We are of the view that the board, upon the afore-mentioned

facts, was entitled to conclude, as it did, that the accident suffered by claimant, an outside employee, arose in and out of the course of employment as county legislator. Appellant also challenges the finding of the board that claimant's employments as county legislator and as town supervisor were sufficiently similar within the meaning of the Workmen's Compensation Law so as to permit the inclusion of wages from both positions in the computation of average weekly wage. Based upon the evidence in the record as to the respective duties of the two positions, we are of the view that the determination is supported by substantial evidence and must be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.