# CHARLESTON

## De Constantin v. Public Service Commission.

Submitted September 22, 1914.   Decided September 29, 1914.

1.   Master and Servant—*Workmen's Compensation—Review of Acts of Cimmission—Nature of Jurisdiction.*

   The jurisdiction to review acts of the Public Service Commission, respecting the administration of the Workmen's Compensation Fund, conferred upon the Supreme Court of Appeals, by sec. 43 of chap. 10 of the Acts of 1913, is original, not appellate.   (p. 33).

2.   Same—*Workmen's Compensation—Rights of Injured Employe.*

   An injury incurred by a workman, in the course of his travel to his place of work and not on the premises of the employer, does not give right to participation in such fund, unless the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment, of its use by the servant in going to and returning from his work.   (p. 34).

Application on behalf of one De Constantin to the Supreme Court for an order requiring the Public Service Commission to allow a rejected claim to right of participation in the workmen's compensation fund.

*Order refused.*

*Jos. W. Henderson* and *Francis Rawle*, for appellant.

*A. A. Lilly*, Attorney General, and *Frank Lively*, Assistant Attorney General, for appellee.

POFFENBARGER, JUDGE:

The rejection of the claim to right of participation in the Workmen's Compensation Fund, made on behalf of the dependents of Guiseppe Zippi, by the Acting Royal Consul of Italy, is the occasion of this first application to this court for the exercise of its supervisory powers over the Public Service Commission, respecting its administration of that fund. This proceeding is authorized by a statute different from the one under which *United Fuel Gas Company* v. *Public Service Commission,* 73 W. Va. 571, 80 S. E. 531, was instituted, but the constitutional provisions referred to in the opinion in that case, render it impossible to treat this one as an ordinary appeal or bring it within the appellate jurisdiction of this court. What the statute, sec. 43 of Chap. 10 of the Acts of 1913, denominates an appeal must, if possible, be regarded as a right given to a claimant to participation in the fund in question, to apply to this court for the exercise of its original jurisdiction. Any other construction would render the provision unconstitutional. The Commission itself is not a court. It is only an administrative board, possessing quasi-judicial and legislative powers. *United Fuel Gas Company* v. *Public Service Commission,* cited. Its powers, in the administration of the Workmen's Compensation Fund, are not substantially different from its powers over other matters within its control; and the principles upon which the jurisdiction of this court over its acts, by original process, was sustained in the case just cited, determine the jurisdictional question now presented.

Only the claimant to participation in such fund can apply to this court for such relief, and he is permitted to do so only in those instances in which the commission, by its final action, has denied to him such right, upon some ground going to the basis of his claim, such as self-infliction of the injury, of which he complains, or incurrence of the injury otherwise than in the course of his employment. As the commission itself and the fund are creatures of the legislative will, it was competent for the legislature to deprive the Commission of all discretionary power, respecting the right of participation, and make it a purely legal question. In other words, it could

make it mandatory upon the commission to allow participation, if the injury arose out of and in the course of employment and was not self-inflicted, and deny to the commission the right to determine what constitutes self-inflicted injury or an injury incurred otherwise than in the course of employment, and whether the claimant is a dependent of the injured person, by making all such questions, arising upon the facts disclosed, questions of law for determination by this court, in the exercise of its supervisory power over officers and inferior tribunals. In this manner, jurisdiction has been conferred upon this court, to order allowance of such claims, as it would in the cases of formal applications for writs of mandamus. As to this question, the legislature conferred only ministerial power upon the commission.

In the opinion of the commission, the injury by which Zippi's death was occasioned, did not arise out of his employment nor was it incurred in the course thereof. He was an employee of Kefauver and McLaran, contractors, engaged in construction work on some portion of the Baltimore and Ohio Railroad. Just what the relation of this work to the main line of the railroad was, is not known, but Zippi was not killed on the construction work. His death occurred on the main line and it is supposed to have resulted from his having stepped in front of one train, in an effort to escape another. The inspector's report and other evidence are to the effect that he was walking on the main double track, in going to his work. A statement of the case prepared by a claim clerk says his only way of access to his work was by way of the main line, but this statement is not sustained by evidence. The inspector's report does not show it, nor is there any other evidence, bearing on the question. In the brief filed for the petitioner, it is said Zeppi was killed only a few minutes before the usual hour for the commencement of actual work, seven o'clock A. M., the accident having occurred at 6:55 A. M.; but no evidence shows at what time he would have commenced his work.

If it had been shown that the decedent, aproaching his place of work by the only means of access thereto, was almost within the reach of it at the time of his injury, some of the authori-

ties relied upon might justify the allowance of the claim; for the employment is not limited to the exact moment of arrival at the place of actual work, nor to the moment of retirement therefrom. It includes a reasonable amount of time before and after actual work. *Gane* v. *Norton Hill Colliery Company,* 2 B. W. C. C. 42; *McKee* v. *Great Northern Railroad Co.,* 1 B. W. C. C. 165; Bradbury's Workmen's Compensation, pp. 404 to 407. A reasonable time after the termination of actual work is allowed. If a workman is injured on the premises of the employer and while leaving his place of actual work by the usual course of travel, the injury is deemed to have arisen out of the employment. *Kinney* v. *Baltimore & Ohio Emp. Rel. Ass'n,* 35 W. Va. 385. Since injury after termination of actual work, while on the premises of the employer and in pursuit of the usual way of leaving the same, is held to be within the course of employment and to have arisen out of the same, it seems clear that an injury to a workman while coming to his place of work on the premises of the employer and by the only way of access, or the one contemplated by the contract of employment, must also be regarded as having been incurred in the course of the employment and to have arisen out of the same. If, in such case, injury does not occur on the premises but in close proximity to the place of work and on a road or other way intended and contemplated by the contract as being the exclusive means of access to the place of work, the same principle would apply and govern. If the place at which the injury occurred is brought within the contract of employment, by the requirement of its use by the employee, so that he has no discretion or choice as to his mode or manner of coming to work, such place and its use seem logically to become elements or factors in the employment and the injury thus arises out of the employment and is incurred in the course thereof. But, on the contrary, if the employee, at the time of the injury, has gone beyond the premises of the employer, or has not reached them, and chosen his own place or mode of travel, the injury does not arise out of his employment nor is it within the scope thereof.

As the evidence adduced in support of the claim did not, for the reasons already stated, bring it within the principles

here referred to, the commission properly rejected the claim, and the prayer for an order, requiring allowance thereof, cannot be granted.

*Order refused.*