# CHARLESTON.

## SHELTON v. JOHNSTON.

Submitted April 16, 1918.    Decided April 23, 1918.

1. COVENANTS—*Warranty of Title—Failure to Pay Taxes.*

   Failure of a grantor to pay the taxes on the land conveyed charged and chargeable against him for the year in which he grants the land constitutes a breach of his warranty of title in his deed.  (p. 320).

2. SAME—*Breach of Warranty of Title—Estoppel.*

   A grantee who notifies his grantor of his omission to pay the taxes on the land granted, or who learning of his neglect to do so calls upon the sheriff before the land is returned as delinquent and proposes to pay the taxes thereon, and is presented with a tax ticket made out against the grantor and covering about the acre-

age called for in his deed and pays the same, honestly believing that the taxes so paid cover the entire tract conveyed, and writes the grantor that he has paid the taxes on the land and demands from him reimbursement, and which demand is ignored by him, is not estopped thereby from afterwards alleging and proving that through ignorance founded upon innocent mistake he had not paid the taxes on a tract separately assessed to the grantor and his wife and constituting a part of the land conveyed. (p. 320).

Appeal from Circuit Court, Mercer County.

Suit by John J. Shelton against Lloyd E. Johnston. Decree for plaintiff, and defendant appeals.

*Affirmed.*

*Woods & Martin,* for appellant.

*John R. Pendleton,* for appellee.

MILLER, JUDGE:

Upon a bill with attachment for damages for an alleged breach of warranty in a deed there was a decree for plaintiff and for a sale of the property attached to satisfy the same.

Defendant, his wife joining therein, by deed of September 7, 1912, conveyed to plaintiff a farm of about 269 acres situated in Mercer County. The breach alleged was that defendant had not paid the taxes on the land conveyed for the year 1912, whereby twenty acres thereof owned by and assessed separately to defendant and his wife had been returned delinquent and sold for the taxes of that year by the sheriff in December, 1914, and purchased by one Bee, who prior to this suit had obtained a deed therefor, thereby ousting plaintiff by a better and paramount title, and whereby plaintiff had lost the same, and right of action had accrued to him upon the warranty of title in his deed.

That such failure on the part of a grantor to pay taxes accrued against land conveyed prior to his deed and whereby the same is so lost to the grantee, constitutes a defect of title, and a breach of the warranty of title, is well settled in this state. *Cain* v. *Fisher,* 57 W. Va. 492, 50 S. E. 752.

The only material defense interposed by defendant was that plaintiff was estopped by his conduct from setting up as

a cause of action the non-payment of said taxes and conse-. quent loss of title to the land. The matter of estoppel relied on is that a short time prior to the delinquent return for the year of 1912, plaintiff wrote defendant that he had paid the taxes for that year on said land, and requested him to refund the amount so paid, and that relying thereon, and claiming plaintiff was indebted to him in a sum in excess of said taxes, but which plaintiff denied, he made no reply to said demand and gave the matter of payment of said taxes. no further thought and made no further effort to pay and discharge the same, but alleges that but for such representation by plaintiff he would have looked after and paid said taxes, and would not have permitted the land to go delinquent and be sold as alleged.

The evidence is that prior to the demand made by plaintiff upon defendant to be reimbursed the taxes paid by him he had notified him through an agent that said taxes were unpaid, and calling upon him to pay the same, but that after waiting until about the date for making the delinquent return he called upon the sheriff and finding the taxes still unpaid, and in order to save his farm from delinquency he proposed to pay the taxes thereon, and was presented by the sheriff with only one ticket, covering a tract of 269 acres charged to said defendant, and which he supposed and was thereby led to believe covered the entire tract called for by his deed, being about the same acreage; that he did not know that the said twenty acres, part of said farm, lying in another district, was so separately assessed, but on the information so obtained, rested on the belief that the whole of said farm was covered by the tax ticket presented by the sheriff and paid by him on June 19, 1913, and knew nothing to the contrary until after the said twenty acres had been sold and purchased and deed obtained by the said Bee as aforesaid.

That plaintiff made an honest effort to pay the taxes and save his land and all of it from forfeiture is not controverted; nor is it denied that when he afterwards wrote defendant notifying him of such payment and demanding reimbursement therefor, he was acting honestly but mistakenly as to the twenty acres not covered by the taxes paid.

Is plaintiff now in this suit estopped from alleging that he did not pay the taxes on the twenty acres? We think not. The doctrine of equitable estoppel, as stated by Lord Denman, in *Pickard* v. *Sears,* 6 Adolph. & El. 469, has been generally adopted in both English and American courts, as follows: "Where one by his words or conduct wilfully causes another to believe the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time." *Preston* v. *Mann,* 25 Conn. 118, 128. The word "wilfully" as the authorities hold is not to be taken in the limited sense of the term "maliciously" or "fraudulently", nor does it imply a desire to produce a wrong impression or to produce a particular line of conduct. Regardless of the motive if the natural consequences of ones words, acts, or conduct will be to influence another to change his condition, and to act upon that belief to his prejudice, the result will be to estop the one responsible for setting up a contrary state of facts.

But the authorities all agree that as this doctrine of estoppel especially concerns conscience and equity that ignorance unaccompanied with culpability of any kind ought to excuse conduct and language which would otherwise render one justly responsible for the injury resulting to another. In 16 Cyc. 733, it is stated: "No estoppel arises where the representation or conduct of the party sought to be estopped is due to ignorance founded upon innocent mistake." See, also, *Preston* v. *Mann, supra; Brewer* v. *Boston & Worcester R. R. Corporation,* 46 Mass. 478. In the case at bar the only object plaintiff had or could have had in notifying defendant of his payment of the taxes which it was the duty of the latter to pay, was to call upon him for reimbursement thereof; there was no intention to mislead him, or to cause him to act or to omit performance of his duty and obligation to pay his taxes. If defendant had responded to plaintiff's demand and not ignored it and wilfully neglected to pay, undoubtedly he would have learned that the taxes paid was upon only a part of the land conveyed; the tax ticket which plaintiff

paid would have been demanded by him, as evidence of pay-. ment thereof, or if he had gone to the sheriff's office as it was his duty to do he would have learned that the taxes on the twenty acres were still unpaid; and in discharge of his duty to the state and to plaintiff he was bound to see that his taxes were paid. Having neglected both obligations, and with the means at hand to verify the facts, was he excused, and should he now be allowed to rely on the innocent mistake of the plaintiff? We answer no upon authority. The means of ascertaining the facts were equally open to both parties. *Onyx & Marble Co.* v. *Miller*, 74 W. Va. 686, 692; *Atkinson* v. *Plum*, 50 W. Va. 104, 110.

Our conclusion is that the plaintiff is not estopped and that the decree should be affirmed.

*Affirmed.*