HENRY HAGER *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7348)

Submitted September 7, 1932.   Decided September 13, 1932.

*W. L. Taylor,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondents.

HATCHER, PRESIDENT:

The claimant was employed in a mine of a subscriber to the Workmen's Compensation Fund.   The mine was on a hill and a hoist was operated by the employer to take the employees up and down the hill.   On the occasion of claimant's injury, his work was over for the day; he signalled for the hoist several times but the operator failed to respond; in such case it "was up to the men to walk off" or wait indefinitely on the hoist (according to the mine superintendent), so the claimant started down the hill on a path used regularly ("almost daily") by the employees when the hoist was not available; and when a few hundred feet from the hoist landing (on the hill) and while still on the employer's property, he fell and broke his leg.   Compensation was denied on the ground that claimant's injury was not received in the course of his employment, and was not the result thereof.

Upon an examination of the authorities we find it to be the general rule that when an employee is accidentally injured upon premises owned or controlled by the employer at a point reasonably proximate to the place of work, while the employee is going to or. from his work on a permissible route in general use by the employees, such injury will be deemed to have arisen from and in the course of the employment within the Workmen's Compensation Acts. See the following authorities on Workmen's Compensation Laws: 1 Schneider, p. 779; Harper, sec. 36; Boyd, sec. 486; Annotation, 49 A. L. R., pp. 426 and 443. This rule accords with the opinion of this court expressed in *De Constantin* v. *Commission*, 75 W. Va. 32, on pages 34-5, 83 S. E. 88.

We therefore hold that the facts in this case bring the plaintiff within this rule and reverse the holding of the commissioner.

*Reversed and remanded.*