Fletcher Carper *v.* Workmen's Compensation
Commissioner

(No. 8841)

Submitted January 11, 1939. Decided January 24, 1939.

*Ira P. Hager* and *Joe M. Glenn,* for appellant.

*Clarence W. Meadows,* Attorney General, and *Marlyn E. Lugar,* Special Assistant Attorney General, for appellee State Compensation Commissioner.

*Chas. L. Estep,* for appellee Amherst Coal Co.

Fox, Judge:

Fletcher Carper complains of the action of the Compensation Commissioner and the Compensation Appeal Board in refusing to award compensation for injuries sustained by him on the 13th day of December, 1937.

Carper was employed as an electrician in a mine of the Amherst Coal Company at Braeholm. This company, in addition to its plant equipment, was the owner of numerous residences which were leased to its employees, one of which was occupied by Carper. The house occupied by him was situated approximately one-third of a mile from the lamp house, where he would first come in contact with what might be termed the plant equipment of the employer. Three ways were available in going from Carper's residence to the lamp house: one, an abandoned tram road; another, a pathway along the tracks of the Chesapeake & Ohio Railway Company; and third, a public road; but to reach each of these ways, it was necessary to use at least part of what is called a wagon road graded on company premises from the railroad right of way up the side of a hill to a row of residences, in one of which the claimant resided. On the day of the injury, the wagon road was, in some places, covered with snow and ice, and in traveling this road with the intent of reaching the railroad right of way, and from that point, of following the path along the railroad track, claimant, while near his home, fell and sustained a broken hip, for which injury he seeks compensation. The Compensation Commissioner

held that the injury was not sustained in the course of and as a result of his employment. This ruling was, on appeal, affirmed by the Compensation Appeal Board. It will be noted, of course, that the vital point involved is whether or not the injury was sustained within the zone of claimant's employment.

The question raised has been discussed in its various phases in five cases decided by this court. *De Constantin* v. *Public Service Commission,* 75 W. Va. 32, 83 S. E. 88, L. R. A. 1916 A, 329; *Hager* v. *Compensation Com'r.,* 112 W. Va. 492, 165 S. E. 668; *Canoy* v. *Compensation Com'r.,* 113 W. Va. 914, 170 S. E. 184; *Buckland* v. *Compensation Com'r.,* 115 W. Va. 323, 175 S. E. 785; *Taylor* v. *Compensation Com'r.,* 116 W. Va. 13, 178 S. E. 71. From a careful study of these cases, we think the following general principles may be deduced: (1) Compensation may be allowed for injuries sustained by an employee while going to or from work, if sustained within the zone of his employment; (2) no definite rule can be laid down as to what is the zone of employment, and each case must be decided on its own facts and circumstances; (3) injuries sustained on public highways, while traveling the same in common with the general public, are not, in the absence of special circumstances or contract requirements, compensable; (4) whether or not an injury is compensable is not determined alone by its occurrence on or off the premises of the employer; and (5) the term "zone of employment" implies reasonable proximity to the place of employment.

In none of the cases cited has the court had before it the precise question now presented. Here we have a mining plant, consisting of tipple, tool houses, tracks and other equipment which go to make up the modern mining plant; in connection with the plant, but separate from the plant equipment proper, are miners' residences, located within a radius of not more than one mile from the mine; employees go to and from their work as they choose, depending upon the location of the dwellings occupied by them; the only public road passing through the plant is an inconvenient road for some of the em-

ployees, including the claimant herein; by custom and usage, other ways over the property of the employer and the railway company were used, and on the occasion of the claimant's injury, he was attempting to get to the railroad right of way, and intended to use the footpath along the track to get to his work. The road on which the injury occurred was the only feasible route to get from claimant's house to use the railroad or the public road, and at least a part thereof was necessary to be used in order to get to the tram road, which was the other available route. The failure to use the tram road, if that be important, is explained and excused, and on the whole, it may be said that, at the time of his injury, the claimant was following the usual, customary and, in this instance, the necessary route to be used in getting to his work; and it must be held that the employer contemplated that this particular road would, on occasion, be used by the employees living in that part of the mining town owned by it.

While it has been held by this court, following an exhaustive examination of the authorities from other jurisdictions, that no definite rule can be laid down covering the right of recovery in cases of this character, this court is firmly committed to the doctrine that, where an employee is entitled to compensation for injuries sustained while going to and from his work, such injuries must have been sustained within the zone of his employment, and that has been defined as "a point reasonably proximate to the place of work" *(Hager v. Compensation Com'r., supra),* and "reasonable proximity to the factory, mine, shop, quarry or other place of employment" *(Taylor v. Compensation Com'r., supra).*

We hold that the zone of employment must have some proximate relation to the plant equipment of the employer, as distinguished from property and premises of the employer, which have no direct relation to the work in which the employee is engaged. In the instant case, we hold that the miners' residences, and the roads leading thereto, are not a part of the plant equipment and facilities to which the expression, "zone of employment", should properly relate. The fact that the injury was sus-

tained on premises of the employer has been given undue importance in some of our cases, particularly in *De Constantin* v. *Public Service Commission, supra.* Whether or not the injury was sustained on the premises of the employer, giving to that term its usual interpretation, is not alone determinative of the right to compensation. The word, "premises", should be given a reasonable interpretation and, ordinarily, should be applied to that portion of an employer's premises on which the plant equipment is located. We are not undertaking to define what plant equipment and facilities are, leaving that to be determined by the peculiar circumstances of each case as it is presented, but, as indicated above, we do hold that in the absence of special circumstances calling for a different ruling, miners' residences and roads leading thereto, entirely separated from the plant equipment and facilities proper, are not within the zone of employment referred to in our decisions.

The rulings of the Compensation Commissioner and the Compensation Appeal Board are therefore affirmed.

*Affirmed.*