208 S.E.2d 291 (1974)
Richard HARRIS
v.
STATE WORKMEN'S COMPENSATION COMMISSIONER and S. M. Kisner & Sons.
No. 13462.
Supreme Court of Appeals of West Virginia.
September 24, 1974.
C. R. Nutter, Clarksburg, for appellant.
Johnson & Johnson, Charles G. Johnson, Clarksburg, for S. M. Kisner & Sons.
Otis Mann, Jr., Charleston, for Workmen's Comp. Com'r.
HADEN, Justice:
Claimant appeals from an order of the Workmen's Compensation Appeal Board *292 which affirmed two previous rulings of the State Workmen's Compensation Commissioner that an injury sustained by the claimant was not suffered in the course of and as a result of his employment and therefore was not compensable from proceeds of the Workmen's Compensation Fund.
Richard Harris was an hourly worker employed by S. M. Kisner & Sons Company as a roofer. Pursuant to directions from his employer, the claimant reported to work on the morning of November 21, 1972, in Fairmont, West Virginia, at a job site. Due to poor weather conditions the crew was unable to commence work on the job in Fairmont that morning. Rather than lose the entire work day to the inclement weather, the employer advised his assembled employees that if they wished they could go to Clarksburg to another job site at the FOURCO Glass Plant, and there engage in some sheet metal work on the glass plant building. Before departing for the Clarksburg job site, the claimant informed his supervisor that he did not have with him the necessary tools to perform his job. Accordingly, he requested permission to return home to pick up his tools before proceeding to the Clarksburg job site. The supervisor and the managing partner of the employer informed the claimant that if he desired to work on that day he should pick up his tools.
While proceeding from the Fairmont job site to the claimant's home in his own automobile, the claimant sustained serious personal injuries resulting from an automobile accident involving a third person which occurred on the Saltwell Road, a public highway located in Harrison County, West Virginia.
According to the employer's work rules, all hourly employees were required as a condition of employment, to have with them their personal work tools at every job site, and were also required to furnish their own transportation to and from job sites. Additionally, such employees began earning hourly pay once any job had been commenced but the employer did not pay his employees for time spent at a job site in anticipation of beginning a particular job. On the other hand, if one job at a particular geographical site was completed within a work day, and time remained for the commencement of work at a second remote site, the employer compensated its workers for travel to the second work site.
On the day of claimant's injury the evidence demonstrated that no hourly workers were paid for the time consumed before commencement of the job at the second work site in Clarksburg, West Virginia, with the exception of the claimant. Sometime after his injury, Harris sent his son to the employer's office to clock-in one and a half hours time on his timecard for the day in question, although he had not commenced work at either the Fairmont or Clarksburg job site. According to testimony from the employer, through inadvertence, the claimant received pay for this one and a half hour period although no other employees received pay for that time period.
The claimant maintains on this appeal that the automobile accident resulting in his injuries occurred while he was on a special mission or errand for his employer, and that, accordingly, the injury is compensable as occurring in the course of and resulting from his employment.
The employer and a co-worker, also an hourly employee, testified, however, that the claimant and his co-workers were not required to commence work at the Clarksburg job site by order of the employer. In further explanation, the employer testified that the amount of work at the Clarksburg job required the presence of only six workers while there were eight employees assembled at the Fairmont job site for the work there. However, in order to provide as much work time as possible for his hourly employees, the employer told all assembled that if they desired to work the Clarksburg job they should proceed from the Fairmont site to Clarksburg and begin work. On the other hand, the claimant *293 testified that he regarded the suggestion of the employer to proceed to the Clarksburg job site as an order which he, as an employee, could not disregard.
The Commissioner and the Workmen's Compensation Appeal Board resolved this factual dispute in favor of the employer by finding, as stated in the Appeal Board's opinion that "the employer advised his employees that if they wished", they could work at the other location. Thus, while the Appeal Board did not specifically comment upon the claimant's assertion that the effect of the employer's offer was, in fact, an order or command, nor did it mention the "special errand rule", the clear import of the Board's conclusion, based upon the finding noted above, is to the effect that the claimant was not required to return home for his tools to proceed to the Clarksburg job site.
For reasons which will be set forth, we affirm the ruling of the Workmen's Compensation Appeal Board that the injury received by the claimant did not occur in the course of and as a result of his employment.
As often recognized and previously held by this Court:
"The Workmen's Compensation Appeal Board is a fact finding body, and its rulings on questions of fact will not be reversed or set aside by this Court unless clearly wrong." Syllabus point 3, Sowder v. State Workmen's Compensation Commissioner, W.Va., 189 S.E.2d 674 (1972); syllabus point 3, Johnson v. State Workmen's Compensation Commissioner, W.Va., 186 S.E.2d 771 (1972); syllabus point 2, Stewart v. State Workmen's Compensation Commissioner, W.Va., 186 S.E.2d 700 (1972).
Subject to certain recognized exceptions, an injury sustained by an employee while on his way to and from work does not arise out of and occur in the course of employment. Bilchak v. State Workmen's Compensation Commissioner, 153 W.Va. 288, 168 S.E.2d 723 (1969). The foregoing is known as the "going and coming" rule. See, Williams v. Compensation Commissioner, 124 W.Va. 238, 20 S.E.2d 116 (1942). In specific reference to accidents occurring upon a public highway and involving third parties who are strangers to the employment relationship, this Court has said:
"The general rule is that injuries arising from the ordinary use of streets and highways do not result from the employment of the injured workman, and are not compensable when they occur from causes to which all other persons traveling the street are equally exposed, unless such use is required of the employee in the performance of his duties for the employer." (Emphasis supplied.) Buckland v. State Compensation Commissioner, 115 W.Va. 323, 326, 175 S.E. 785, 787 (1934).
Accord, Carper v. Workmen's Compensation Commissioner, 121 W.Va. 1, 1 S.E.2d 165 (1939); Taylor v. State Compensation Commissioner, 116 W.Va. 13, 178 S.E. 71 (1935).
The exception upon which the claimant relies is known as the "special errand rule" and, implicitly, is recognized in the foregoing statement of the general rule set forth in the Buckland case quote. Moreover, in Bilchak v. Workmen's Compensation Commissioner, supra, it is said at page 295 of the West Virginia Reports, 168 S.E.2d at page 727:
"... [W]hen an employee is injured on or off the employer's premises while traveling to or from his work and the place of injury is brought within the scope of employment by an express or implied requirement of the employment, such injury is held compensable. Hager v. State Comp. Comm'r., 112 W.Va. 492, 165 S.E. 668; Canoy v. State Comp. Commissioner, 113 W.Va. 914, 170 S.E. 184."
According to Professor Larson, the rule is broadly stated and defined as follows:
"When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the *294 journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself." 1 Larson's Workmen's Compensation Law § 16.10 (1972).
Although, as noted, no ruling in this jurisdiction has resulted in an award of compensation through application of the special errand exception to the "going and coming" rule, many other jurisdictions have been called upon to apply the rule to specific factual situations. These cases uniformly hold that in order for an injured workman to come within the protection of the special errand rule, he must show from the evidence that he was injured while performing some special act at the direction of his employer and in furtherance of the employer's business. See, Le Vasseur v. Allen Electric Co., 338 Mich. 121, 61 N.W.2d 93 (1953); Butrin v. Manion Steel Barrel Company, 361 Pa. 166, 63 A.2d 345 (1949); Jonas v. Lillyblad, 272 Minn. 299, 137 N.W.2d 370 (1965); Ricciardi v. Damar Products Co., 45 N.J. 54, 211 A.2d 347 (1965); Snodgrass v. Douglas Aircraft Company, 406 P.2d 463 (Okl.1965).
The claimant has failed to demonstrate in this appeal that he is entitled to the benefit of the special errand exception to the "going and coming" rule.
"An injury incurred by a workman, in the course of his travel to his place of work and not on the premises of the employer, does not give right to participation in such [Workmen's Compensation] fund, unless the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment, of its use by the servant in going to and returning from his work." Syllabus point 2, De Constantin v. Public Service Commissioner, 75 W.Va. 32, 83 S.E. 88 (1914).
Affirmed.