569 S.E.2d 197

**Douglas BROWN, individually and as Administrator of the Estate of Leah Brown, Plaintiff Below, Appellant,**

v.

**CITY OF WHEELING, a municipal corporation, Defendant Below, Appellee.**

**No. 30243.**

Supreme Court of Appeals of West Virginia.

Submitted May 22, 2002.

Decided July 2, 2002.

Dissenting Opinion of Justice McGraw Aug. 2, 2002.

---

Scott S. Blass, Esq., James B. Stoneking, Esq., Bordas, Bordas & Jividen, Wheeling, West Virginia, Attorneys for Appellant.

Michael G. Gallaway, Esq., Burns, White & Hickton, Wheeling, West Virginia, Attorney for Appellee.

PER CURIAM:

In this appeal from the Circuit Court of Ohio County, the appellant challenges a circuit court order granting summary judgment. The appellant, on behalf of the estate of Leah Brown, had sued Mrs. Brown's employer, the City of Wheeling. Mrs. Brown and a co-worker were returning from an out-of-town work-related training session when Mrs. Brown died in a one-vehicle automobile accident. Mrs. Brown's co-worker was the driver of the automobile. As a result of the accident, the appellant filed the lawsuit against Mrs. Brown's employer. The circuit court entered a summary judgment order finding the employer immune from liability.

As set forth below, we affirm the circuit court's order.

## I.

Leah Brown was employed by the appellee, the City of Wheeling ("the City"), as a 911 dispatcher. As part of an agreement between the City and the West Virginia State Police, all of the City's 911 dispatchers were required to receive bi-annual training and certification to use certain dispatching equipment.

On September 9, 1997, Mrs. Brown and a co-worker rode together in the co-worker's personal vehicle from Wheeling to the training session at the State Police Academy in Institute, West Virginia. The co-worker drove the vehicle. As Mrs. Brown and her co-worker were returning from the training session, they were involved in a one-car accident. Mrs. Brown died in the accident.[1]

The appellant, Douglas Brown, is the surviving spouse and the administrator of the estate of Leah Brown. Following the accident, the appellant wrote the Wheeling City Solicitor inquiring whether the appellant would be eligible for certain pension benefits from the City's Employees Retirement and Benefit Fund. Under *W.Va.Code*, 8–22–9(c) [1987][2] the appellant would only be entitled to money that Mrs. Brown had contributed to the City pension fund. However, *W.Va.Code*, 8–22–9(a)(1) [1987][3] provides that additional benefits be paid to a surviving spouse if an employee of a municipality "die[s] as a result of personal injury or disease arising out of and in the course of his employment with the city."

The Wheeling City Solicitor responded to the appellant in a letter dated October 9, 1998, stating that:

1. The record indicates that the co-worker filed a claim for workers' compensation benefits for the injuries he received in the accident, and the City did not dispute that claim.

2. *W.Va.Code*, 8–22–9(c) [1987] provides that:

   [i]f a member dies with less than ten years' total service credit so that he was not entitled to a retirement pension during life, the member's total contributions to the fund, without interest, shall be returned to such individual or individuals having an insurable interest in the member's life as such member shall have nominated in a designation filed with the board, and in the absence of any such designation, to the member's estate.

Mrs. Brown's death did not occur in the course of her employment under the existing law. Thus I cannot advise the Board of Trustees that there is a clearly established legal basis for them to recognize a claim for benefits under the provision of W.Va.Code 8–22–9(a)(1) in this particular case. Therefore, any such claim made to this pension fund as a result of the death of Leah Brown could not be approved as a legitimate expenditure by the Board of Trustees.

Instead of challenging the City Solicitor's opinion and seeking a legal determination regarding his entitlement to pension benefits based on Mrs. Brown's employment, under *W.Va.Code*, 8–22–9(a)(1) [1987], or applying for dependents benefits from the Worker's Compensation Fund, the appellant filed the instant action solely against the City of Wheeling. In his complaint, the appellant alleged that the driver was acting within the course and scope of his employment so as to bind the City to liability based on the employee driver's negligence. At the same time, the complaint alleged that Mrs. Brown was *not* acting within the scope of her employment with the City.

In response to the civil action filed by the appellant, the City asserted that *both* the driver and the decedent were employees of the City, and that the City was therefore, *inter alia*, immune under the Workers' Compensation Act.

The parties filed cross motions for summary judgment on the issue of whether Mrs. Brown was acting within the scope of her

3. *W.Va.Code*, 8–22–9(a)(1) [1987] provides in pertinent part that:

   A beneficiary or beneficiaries of a deceased member, which member was not receiving a retirement pension under the provisions of section seven [§ 8–22–7] of this article at the date of his death, may qualify for death benefits under either of the following mutually exclusive provisions:

   (1) If the member died as a result of personal injury or disease arising out of and in the course of his employment with the city, the surviving spouse shall be entitled during widowhood or widowerhood to a monthly benefit equal to thirty-three and one-third percent of the final monthly salary of the member[.]

employment at the time of the accident. On September 15, 2000, the circuit court ruled that Mrs. Brown's attendance and travel to the training session was a "special act" or "special errand" performed for the benefit of the City. The circuit court ruled that Mrs. Brown was within the scope of her employment at the time of her death, and that the City was entitled to governmental immunity based on *W.Va.Code*, 29–12A–5 [1986], "unless the plaintiff [appellant] can show that the City should be estopped from raising the immunity created by the [political subdivision immunity] statute."

After reviewing the parties' briefs on the estoppel issue, the circuit court entered an order on February 6, 2001, ruling that the appellant had not satisfied the elements for proving estoppel and dismissed the appellant's action. The appellant now appeals the lower court's rulings.

## II.

■■ "A circuit court's entry of summary judgment is reviewed *de novo*." Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We have often stated that we review *de novo* a circuit court's entry of summary judgment under Rule 56 of the *West Virginia Rules of Civil Procedure*, and apply the same standard that the circuit courts employ in examining summary judgment motions. We established the traditional standard for granting summary judgment in Syllabus Point 3 of *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963) where we held:

> A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

At issue is whether Mrs. Brown was acting within the course of her employment when she died in the automobile accident. If she was indisputably acting within the course of her employment, then the City is entitled to immunity.

The Workers' Compensation Act states that if an employee is injured or dies in the course of and as a result of his or her employment, and the employer subscribes to the Workers' Compensation Fund, then the employer is immune from most lawsuits arising from the injury or death. *W.Va.Code*, 23–2–6 [1991] states, in pertinent part:

> Any employer subject to this chapter who shall subscribe and pay into the workers' compensation fund the premiums provided by this chapter or who shall elect to make direct payments of compensation as herein provided shall not be liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after so subscribing or electing, and during any period in which such employer shall not be in default in the payment of such premiums or direct payments and shall have complied fully with all other provisions of this chapter. The continuation in the service of such employer shall be considered a waiver by the employee ... of the right of action as aforesaid, which the employee ... would otherwise have[.]

■ It is the general rule in West Virginia that when an employee is injured while going to and coming from work, that employee is *not* considered to be in the course of his or her employment. *De Constantin v. Public Service Comm'n*, 75 W.Va. 32, 83 S.E. 88 (1914); *Buckland v. State Compensation Comm'r*, 115 W.Va. 323, 175 S.E. 785 (1931). In other words, the employee may not recover workers' compensation benefits, and the employer is not immune from a negligence action. As we stated, in Syllabus Point 1 of *Carper v. Workmen's Compensation Comm'r*, 121 W.Va. 1, 1 S.E.2d 165 (1939):

> An employee is entitled to compensation for an injury sustained in going to or from his work, only where such injury occurs within the zone of his employment, and that zone must be determined by the circumstances of the particular case presented.

We further stated that "no definite rule can be laid down as to what is the zone of employment, and each case must be decided on its own facts and circumstances." 121 W.Va. at 3, 1 S.E.2d at 166.

■ Under normal circumstances, an employee's use of a public highway going to

or coming from work is not considered to be in the course of employment. The reasoning underlying this rule is that the employee is being exposed to a risk identical to that of the general public; the risk is not imposed by the employer. As we indicated in Syllabus Point 2 of *De Constantin v. Public Service Commission*, 75 W.Va. 32, 83 S.E. 88 (1914) (with emphasis added):

> An injury incurred by a workman in the course of his travel to his place of work and not on the premises of the employer, does not give right to participation in such [Workers' Compensation] fund, *unless the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment, of its use by the servant in going to and returning from his work.*

Hence, when an employee's use of a public highway is not required by the employment contract, injuries received on the highway are not compensable under the Workers' Compensation Act. As we stated in the Syllabus of *Buckland v. State Compensation Comm'r*, 115 W.Va. 323, 175 S.E. 785 (1934):

> An injury, resulting in death, received by an employee while traveling upon a public highway in the same manner and for like purposes as the general public travels such highway, and not in performance of his duties for his employer, is not an injury received in the course of employment within the meaning of the Workmen's Compensation Act and is, therefore, not compensable.

*In accord, Williams v. Compensation Comm'r*, 124 W.Va. 238, 20 S.E.2d 116 (1942).

■■■ However, when the employee's risk of being injured on a public highway *is* a risk imposed by the contract of employment, then an injury on a public highway may be compensable under the Workers' Compensation Act. In *Buckland*, we further suggested that injuries that occur "from the ordinary use of streets and highways" are compensable if "such use is required of the employee in the performance of his duties for the employer." 115 W.Va. at 326, 175 S.E. at 787. For example, one exception to the "going and coming" rule is that if employees are required, as a condition of their employment,

to routinely journey from place to place, then injuries incurred by those employees while traveling are compensable. We stated, in Syllabus Point 1 of *Calloway v. State Workmen's Compensation Comm'r*, 165 W.Va. 432, 268 S.E.2d 132 (1980):

> Workmen's compensation law generally recognizes that an employee is entitled to compensation for an injury received while traveling on behalf of his employer's business.

So long as the employee is engaging in the employer's business, an injury is compensable, but only when the employee engages in a "major deviation from the business purpose" can compensation be denied. Syllabus Point 3, *Calloway*.

Another recognized exception to "the going and coming" rule is known as the "special errand" exception. In *Harris v. State Workmen's Compensation Comm'r*, 158 W.Va. 66, 70–71, 208 S.E.2d 291, 293–94 (1974), this Court stated the exception as follows:

> "When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself." 1 Larson's Workmen's Compensation Law § 16.10 (1972).

*In accord, Courtless v. Jolliffe*, 203 W.Va. 258, 263, 507 S.E.2d 136, 141 (1998) (*per curiam*). An examination of Professor Larson's most recent treatise on workers' compensation law indicates that the special errand exception to the going and coming rule is still applied by a majority of jurisdictions. *See* Arthur Larson and Lex K. Larson, 1 *Larson's Worker's Compensation Law* § 14.05 (2002).

■■■ We have applied variations of the special errand exception and held that when the evidence shows that an employee's "off-premises journey," which required the use of

a highway to perform his or her duties for the employer, any injuries that occur on the highway are compensable under the Act. For instance, in *Canoy v. State Compensation Comm'r*, 113 W.Va. 914, 170 S.E. 184 (1933), we held that a coal miner, required by his employer to cross a public highway to reach his employer's job site, was in the course of his employment when he was fatally struck by a vehicle while crossing the highway. We stated in the Syllabus of *Canoy* that:

> Injury or death of an employee of a subscriber to the Compensation Fund occurring upon a public highway and not on the premises of the employer, gives right to participate in the fund, when "the place of injury was brought within the scope of employment by an express or implied requirement of the contract of employment, of its use by the servant in going to and returning from work."

*In accord, McEwan v. State Compensation Comm'r*, 123 W.Va. 310, 14 S.E.2d 914 (1941); *Hager v. State Compensation Comm'r*, 112 W.Va. 492, 165 S.E. 668 (1932). *See also, Courtless v. Jolliffe*, 203 W.Va. 258, 507 S.E.2d 136 (1998) (*per curiam*); *Harris v. State Workmen's Compensation Comm'r*, 158 W.Va. 66, 208 S.E.2d 291 (1974).

■ Mrs. Brown and her co-worker, the driver of the vehicle, in their capacity as 911 dispatchers for the City, were required by the City to travel to the State Police Academy on September 8, 1997. On the return trip to Wheeling, Mrs. Brown and her co-worker did not deviate from their direct return trip home. The City directly benefitted from Mrs. Brown's attendance at the training.

Based on the facts in the record of this case, Mrs. Brown was clearly acting within the course of her employment when she died while returning from a mandatory training session. Her death occurred on a public highway which was brought within the scope of her employment by the City's requirement that she attend training at the State Police Academy. The appellant is therefore entitled to benefits under the Worker's Compensation Act, and the City is entitled to immunity as provided for in *W.Va.Code*, 23–2–6 [1991]. We find no genuine issue fact remained to be tried on this question, and summary judgment was therefore proper.

### III.

The circuit court was correct in finding that Mrs. Brown was acting within the scope of her employment when she died, and that the City was entitled to immunity; however, the City's immunity is correctly based on *W.Va.Code*, 23–2–6 [1991].[4] We therefore affirm the circuit court's order granting summary judgment for the City.

Affirmed.

McGRAW, Justice, dissenting:

I disagree with the majority's decision to affirm summary judgment granted in favor of the City. The City, when it saw an advantage to be gained, initially took the position that Mrs. Brown was not acting within the course of her employment at the time of her death, and thereby denied appellant the survivor benefits afforded by W. Va.Code § 8–22–9(a)(1) (1987) (1998 Repl.Vol.). Later, when the downside of this stance became apparent, and after Mrs. Brown's estate and its lawyers had expended considerable time and resources in commencing the present action, the City chose to assert the diametrically opposite position concerning Mrs. Brown's status in order to claim immunity

---

4. In light of the conflicting positions taken by the City below regarding Mrs. Brown's employment status, the parties and the circuit court, as well as other governmental agencies, should not impede appellant's right to secure entitled benefits. Having adjudicated that Mrs. Brown's death occurred in the course of and as a result of her employment, we perceive no just reason why the City or the Board of Trustees of the Employees Retirement and Benefit Fund of the City of Wheeling should not pay appellant the benefits owed under *W.Va.Code*, 8–22–9(a)(1) [1987]. We

further believe that the appellant's obligation to apply for benefits with the Workers' Compensation Division, if he so chooses, is triggered by the issuance of the Court's mandate in the instant case holding that Mrs. Brown was, in fact, an "employee" at the time of her death. *See W.Va. Code*, 23–4–15(a) [1995] ("To entitle any ... dependent of a deceased *employee* to compensation under this chapter ... the application therefor must be made ... within six months from and after the injury or death[.]")

under the Workers' Compensation Act. I cannot think of a more appropriate circumstance for application of the doctrine of estoppel.

Estoppel "precludes a person from maintaining a position or attitude inconsistent with another position or attitude which is sought to be maintained at the same time or which was asserted at a previous time." 31 C.J.S. *Estoppel and Waiver* § 121 (1996). This court has indicated that "'[e]stoppel applies when a party is induced to act or to refrain from acting to her detriment because of her reasonable reliance on another party's misrepresentation or concealment of a material fact.'" *Potesta v. U.S. Fidelity & Guaranty Co.*, 202 W.Va. 308, 315, 504 S.E.2d 135, 142 (1998) (quoting syl. pt. 2, in part, *Ara v. Erie Ins. Co.*, 182 W.Va. 266, 387 S.E.2d 320 (1989)); *see Shelton v. Johnston*, 82 W.Va. 319, 322, 95 S.E. 958, 959 (1918) ("'Where one by his words or conduct willfully causes another to believe the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time.'") (citation omitted).

Appellant relied on the original statement from the City that the death did not occur in the course of Mrs. Brown's employment. Had the City initially taken its current position—that Mrs. Brown was in fact acting within the course of her employment at the time of the accident—then appellant in all likelihood would have filed a claim under § 8–22–9(a)(1). The City therefore should be estopped from altering its position after appellant detrimentally relied upon it in choosing to initiate the present litigation. Application of the principle of equitable estoppel "amounts to a preclusion in law which prevents a litigant from alleging or denying a fact, because of his previous inconsistent conduct or statements." *Kimble v. Wetzel Natural Gas Co.*, 134 W.Va. 761, 769, 61 S.E.2d 728, 733 (1950) (citation omitted); *see also Petition of Shiflett*, 200 W.Va. 813, 820 n. 26, 490 S.E.2d 902, 909 n. 26 (1997) (noting that the doctrine of quasi estoppel operates to "'preclude[] a party from asserting, to another's disadvantage, a right inconsistent with a

position previously taken by him"') (quoting 31 C.J.S. *Estoppel and Waiver* § 120, at 543).

Although the majority rightly acknowledges the fact that the City presented "conflicting positions," and states that "the parties and the circuit court, as well as other governmental agencies, should not impede appellant's right to secure entitled benefits" under § 8–22–9(a)(1), I nevertheless disagree with the decision to affirm the summary judgment granted in this case. The City simply should not be permitted to set appellant on an expensive and time-consuming course, and then attempt to block that path by later claiming statutory immunity.

I therefore respectfully dissent.

(Filed Aug. 2, 2002)