# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John Vincent Pratt,**
**Plaintiff Below, Petitioner**

**vs)  No. 18-0180** (Pendleton County 17-C-10)

**Freedom Bancshares, Inc.,**
**Freedom Bank, Inc., and**
**John Craig Hott, Director,**
**Defendant Below, Respondent**

**FILED**

**November 16, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John Vincent Pratt, by counsel J. David Judy, III, appeals the February 22, 2018, order of the Circuit Court of Pendleton County that granted summary judgment to respondents, Freedom Bancshares, Inc., Freedom Bank, Inc., and John Craig Hott, Director, in this tort action arising from a head-on car accident. Respondents, by counsel Jeffrey M. Wakefield and Jason L. Holliday, respond in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 23, 2015, Respondent John Craig Hott drove left of center and struck Petitioner John Vincent Pratt's vehicle head-on. As a result, petitioner suffered a traumatic brain injury, numerous broken bones, and permanent physical and mental injuries. At the time of the accident, Mr. Hott was driving from his home to a regularly-scheduled meeting of the Board of Directors of Respondent Freedom Bank Inc., which is a wholly-owned subsidiary of Respondent Freedom Bancshares, Inc. (together "Freedom"). Mr. Hott was then the chair of Freedom's board of directors.

Prior to filing this action, petitioner settled with and released Mr. Hott from all claims related to the accident. Petitioner filed his complaint against Freedom on June 2, 2017, alleging that Mr. Hott negligently operated his vehicle and that Freedom was vicariously liable for Mr. Hott's negligence under the doctrine of respondeat superior. In support of this claim, petitioner alleged Mr. Hott was "in the course of and within the scope of his duties and responsibilities as a corporate bank director" for Freedom because, when the accident occurred, he was driving to a meeting of Freedom's board of directors.

1

Freedom filed an answer and discovery commenced. In its answer to petitioner's discovery requests, Freedom claimed that (1) Mr. Hott was not paid for the time he spent traveling to Freedom's board meetings, nor was he paid mileage; (2) all of Freedom's directors are paid a flat monthly fee regardless of when or how often they attend board meetings; and (3) there was no contract of employment between Freedom and Mr. Hott. Freedom also gave petitioner copies of (1) the Board Governance & Nominating Committee Policy of the Board of Directors of Freedom Bank, Inc.; (2) the By-laws of Freedom Bankshares, Inc.; and (3) the By-laws of Freedom Bank. The Board Governance & Nominating Committee Policy of the Board of Directors of Freedom Bank, Inc. provides that "[t]he Board expects Directors to model their commitment to the Company with attendance expected at 70% or more of Board and committee meetings." The By-laws of Freedom Bankshares, Inc. provide that "[e]ach Director who does not receive a salary from the bank . . . shall be entitled to receive such fee as the Board of Directors shall from time to time determine for each meeting of the board of directors . . . ." Those same By-laws also provide that "The Chairperson of the Board . . . shall preside at all meetings of shareholders and of the Board of Directors and at all meetings of the Executive Committee."

Thereafter, the parties filed cross-motions on the issue of whether Freedom was vicariously liable to petitioner under the doctrine of respondeat superior.

Petitioner argued in his motion that Freedom was vicariously liable for Mr. Hott's negligence because, when the accident occurred, Mr. Hott was a director on Freedom's board; was traveling from his home to a Freedom board meeting; was paid for his attendance at Board meetings; was expected to attend at least seventy percent of the Board's meetings; and was required to preside over board meetings as the chairperson. Petitioner also pointed to the fact that the Internal Revenue Service allows bank directors, such as Mr. Hott, to deduct travel-related expenses from any income paid to the director for his or her attendance at bank board meetings. Based on that fact, petitioner argued that Mr. Hott was "paid" for his work-related travel expenses.

Freedom, in its motion seeking summary judgment, argued that it was not liable for respondent's injuries because Mr. Hott was clearly not acting within the scope of his duties for Freedom when the accident occurred.

By order entered February 22, 2018, the circuit court granted Freedom's summary judgment motion. The court found that the controlling issue was whether Mr. Hott was acting within the scope of his duties as a director for Freedom when the accident occurred. Mr. Hott's travel to the board meeting was an "ordinary commuting trip; therefore, the going and coming rule controls." "It is undisputed that [Mr.] Hott's duties as a board member did not include driving. Moreover, [Mr.] Hott was not required by [Freedom] to take a specific route to the board meetings, use a specific form of transportation, or perform any tasks for [Freedom] along the way." The circuit court also found that, "[Mr.] Hott's travel upon a public highway on [the day of the accident] . . . was 'in the same manner and for like purposes as the general public travels such highway and not in the performance of duties for his employer.' *Brown* [*v. City of Wheeling*], 212 W.Va. [121,] 126, 569 S.E.2d [197,] 202 [(2002)]." Based on the foregoing, the circuit court concluded that Mr. Hott was not in the scope of his duties as a Freedom board

member on the day of the accident; thus, Freedom was not vicariously liable to petitioner under the doctrine of respondeat superior.

Petitioner now appeals the circuit court's order granting summary judgment to Freedom.

Our standards of review for cases concerning summary judgment are well settled. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). In conducting a de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter* at 190, 451 S.E.2d at 756, syl. pt. 2. In other words,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.*, syl. pt. 4. "The circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." *Id.*, syl. pt. 3.

On appeal, petitioner first argues that the circuit court erred in finding Mr. Hott was not in the scope of his employment with Freedom when the accident occurred. Petitioner maintains that Mr. Hott was within the scope of his employment because: (1) Mr. Hott was required to travel to board meetings; (2) Freedom's bylaws obligate a board member to attend a minimum of seventy percent of all meetings; (3) Respondent Freedom Bancshares' by-laws establish a fee "for each meeting attended"; and (4) Mr. Hott was "paid" mileage and travel expenses for his Board work because he could deduct those expenses on his federal income tax returns. We disagree and conclude that the circuit court correctly found that Mr. Hott was not in the scope of his employment with Freedom when the accident occurred.

"An agent or employee can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship. Of course, if he is acting within the scope of his employment, then his principal or employer may also be held liable." Syl. Pt. 3, *Musgrove v. Hickory Inn, Inc.*, 168 W.Va. 65, 281 S.E.2d 499 (1981). "[I]n cases involving the question of the liability of the principal for the tortious acts of his agent, there are two questions: First, whether the alleged agent was, in fact, an agent at the time of the commission of the tort, and secondly, whether the tort was committed within the scope of employment." *Barath v. Performance Trucking Co.*, 188 W.Va. 367, 370, 424 S.E.2d 602, 605

(1992). The second question is determinative in this case. "Whether an act by a servant is within the scope of his employment is determined by the relation which the act bears to the employment." Syl. Pt. 1, *Cochran v. Michaels*, 110 W.Va. 127, 157 S.E. 173 (1931). "'Scope of employment' is a relative term and requires a consideration of surrounding circumstances including the character of the employment, the nature of the wrongful deed, the time and place of its commission and the purpose of the act.' 53 Am.Jur.2d, Master and Servant, s 427." *Griffith v. George Transfer & Rigging, Inc.*, 157 W.Va. 316, 326, 201 S.E.2d 281, 288 (1973).

Here, the Bylaws of Freedom Bank provide that the scope of Mr. Hott's work was "to manage and administer the business and affairs of the Bank." Thus, Mr. Hott's routine commute on the day of the accident had nothing to do with the scope of his work for Freedom. Moreover, the record on appeal shows that Mr. Hott made no stops from the time he left home until the accident; did not conduct or intend to conduct any business on behalf of Freedom on the way to the meeting; and was operating a vehicle registered to Hott's Farming, Inc., which is not related to Freedom. The record also indicates that Freedom (1) paid Mr. Hott a flat monthly fee for his board-related work, whether or not he attended the monthly board meeting in a given month; (2) annually issued Mr. Hott a 1099-MISC tax form denoting the monthly fees as "non-employee compensation"; and (3) did not pay Mr. Hott mileage or travel expenses for his attendance at Board meetings, nor did it provide him with a driver or a vehicle. As for petitioner's argument – that Mr. Hott's commute to board meetings was within the scope of his duties because he could deduct his board-related travel expenses on his federal income taxes – petitioner cites to no law in support. "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996), *citing State v. Lilly*, 194 W.Va. 595, 605 n. 16, 461 S.E.2d 101, 111 n. 16 (1995) ("casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal").

Petitioner next argues that the circuit court erred in finding that Mr. Hott was within "the going and coming rule" at the time of the accident. We have said,

> [t]he "going and coming rule" has its foundations in workers compensation law and is articulated as follows in syllabus point two of *De Constantin v. Public Service Commission*, 75 W.Va. 32, 83 S.E. 88 (1914):
>
> > An injury incurred by a workman, in the course of his travel to his place of work and not on the premises of the employer, does not give right to participation in such (Workmen's Compensation) fund, unless the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment, of its use by the servant in going to and returning from his work.
>
> . . . . [H]owever, the "going and coming rule" traditionally applies where the only evidence linking the employer to the accident was the fact that the employee was coming or going to work. Various nuances of the rule may serve to

4

alter its application where additional evidence exists linking the employer to the accident.

*Courtless v. Jolliffe*, 203 W.Va. 258, 263, 507 S.E.2d 136, 141 (1998).

Petitioner notes that in considering the "going and coming rule," the Court, in *Brown v. City of Wheeling*, 212 W.Va. 121, 569 S.E.2d 197 (2002), held that if an employee is required to journey from place to place as a condition of employment, then an injury incurred by the employee during the journey comes within the scope of employment for workers' compensation purposes.[1] Petitioner argues that because Mr. Hott was required to attend and preside over Freedom's board meetings, Mr. Hott was required to journey from place to place as a condition of employment. Accordingly, petitioner contends that the "going and coming rule" does not apply in this case.

"[T]he doctrine of respondeat superior is not typically applicable while [an] employee is coming or going to work." *Courtless,* 203 W.Va. at 263, 507 S.E.2d at 141. "The reasoning underlying this rule is that the employee is being exposed to a risk identical to that of the general public; the risk is not imposed by the employer." *Brown*, 212 W.Va. at 126, 569 S.E.2d at 202. Thus, under the "going and coming rule," the doctrine of respondeat superior is inapplicable

> "unless the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment, of its use by the servant in going to and returning from his work." Syl. Pt. 2, *De Constantin v. Public Service Commission,* 75 W.Va. 32, 83 S.E. 88 (1914).

---

[1] Petitioner's reliance on *Brown v. City of Wheeling*, 212 W.Va. 121, 569 S.E.2d 197 (2002), is misplaced because it regards the "special errand" exception to the "going and coming rule." In *Harris v. State Workmen's Compensation Commissioner*, 158 W.Va. 66, 70–71, 208 S.E.2d 291, 293–94 (1974), we described the "special errand" exception as follows:

> "When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself." 1 Larson's Workmen's Compensation Law § 16.10 (1972).

*Brown*, 212 W.Va. at 126, 569 S.E.2d at 202. The plaintiff-employee in *Brown* was killed while traveling out-of-town for a work-related training session, i.e., the "special errand." *Id.* at 121, 569 S.E.2d at 200. The *Brown* Court held that the plaintiff-employee would be entitled to compensation under West Virginia's Workers' Compensation Act for her "injury sustained in going to or from [her] work, only where such injury occur[red] within the zone of [her] employment." 212 W.Va. at 125, 569 S.E.2d at 201. Here, petitioner does not argue that "special errand" rule applies to his case.

5

*Courtless*, 203 W.Va. at 260, 507 S.E.2d at 138, syl. pt. 8, in part. However, the application of the "going and coming" rule may be altered

> where additional evidence exists linking the employer to the accident[,]" such as when the use of the roadway is required in the performance of the employee's duties for the employer, when the employee is rendering an express or implied service to the employer, or when there is an incidental benefit to the employer that is not common to ordinary commuting trips. *Courtless*, 507 S.E.2d at 141–142.

*Keller v. Temple*, 2013 WL 6118679, at *4 (N.D.W.Va. Nov. 21, 2013).

Here, the circuit court correctly found that Mr. Hott's travel to Board meetings was an ordinary commute on a public highway subject to the "going and coming rule."[2] The record on appeal supports the finding that Freedom did not require petitioner to use any particular roadway during his commute and that Mr. Hott was not managing or administering Freedom's business and affairs during his commute. Nor was there any evidence in the record showing that Freedom received some incidental benefit from Mr. Hott's commute that was not common to ordinary commuting trips.

Petitioner's final assignment of error is that the circuit court erred in failing to follow the public policy of making petitioner whole using Freedom's liability insurance. Petitioner highlights that petitioner suffered significant injuries as a result of the accident that directly affected his ability to work; that West Virginia Worker's Compensation paid more than $1,000,000 for petitioner's medical treatment and rehabilitation; that petitioner settled with Mr. Hott and Hott's Farming, Inc. for over $1,000,000; and that the lion's share of the settlement went to Worker's Compensation for subrogation, as required by statute. Petitioner further argues that the doctrines of vicarious liability and respondeat superior apply to Freedom, which has liability insurance and financial responsibility for its Board members acting within the furtherance of their duties to Freedom. Petitioner concludes that justice and public policy dictate that the Court hold Freedom responsible for petitioner's injuries, and that equity and the contractual/policy obligations of Mr. Hott to Freedom mandate that Freedom compensate petitioner for his losses.

Petitioner appears to argue that he should be entitled to recover damages from Freedom because it has liability insurance. Although a portion of petitioner's award from Mr. Hott and Hott's Farming, Inc. was required, by law, to be paid to the worker's compensation insurer, it

---

[2] The parties and the circuit court presumed that the "going and coming rule" applied to the facts of this tort case. However, in *Courtless* we said, "We have not previously had occasion to wander extensively through the vicissitudes of the 'going and coming rule,' nor to delineate whether the rule as it has been interpreted in the workers compensations context is equally applicable to the tort context." 203 W.Va. at 264, 507 S.E.2d at 142. The parties have not challenged the application of the "going and coming rule" in this appeal, and as the issue has been so framed, we see no error with the circuit court's conclusion that Freedom was not vicariously liable for petitioner's injuries.

would be patently unfair for petitioner to recover damages from Freedom where there is no legal or factual basis for liability. Thus, we reject petitioner's argument that public policy demands that Freedom's liability insurance make petitioner whole.

Accordingly, for the foregoing reasons, we affirm the circuit court's February 22, 2018, order granting summary judgment to respondents.

Affirmed.

**ISSUED:** November 16, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment