**Albert E. VAN DEVANDER, Appellant,**

v.

**HELLER ELECTRIC CO., Inc., et al.,
Appellees.**

**William L. MASSEY, Appellant,**

v.

**HELLER ELECTRIC CO., Inc., et al.,
Appellees.**

**Nos. 21720, 21838.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 11, 1968.

Decided Dec. 18, 1968.

Mr. James A. Mannino, Washington, D. C., for appellant in No. 21,720, Messrs. Joseph H. Koonz, Jr., Lee C. Ashcraft and Martin E. Gerel, Washington, D. C., were on the brief, for appellant in No. 21,720.

Mr. Leavenworth Colby, Atty., Department of Justice, with whom Asst. Atty. Gen. Edwin L. Weisl, Jr., and Messrs. David G. Bress, U. S. Atty., and Morton Hollander, Atty., Department of Justice, were on the brief, for appellant in No. 21,838.

Mr. William E. Stewart, Jr., Washington, D. C., with whom Messrs. Richard W. Galiher, William H. Clarke, Wade J. Gallagher and Julian H. Reis, Washington, D. C., were on the brief, for appellees.

Before WILBUR K. MILLER, Senior Circuit Judge, and BURGER and McGOWAN, Circuit Judges.

BURGER, Circuit Judge:

These are appeals from a summary reversal of an administrative order granting Workmen's Compensation for an injury sustained in the scope of employment. Appellant Van Devander worked approximately 26 hours on his job without sleep. Some of his duties included the installation of heavy electrical equipment. About twenty minutes after leaving his job Van Devander fell asleep from fatigue while driving his car and was seriously injured. The deputy commissioner, also an appellant here, entered a compensation order[1] finding that the injury "was attributable to the claimant's lack of sleep due to unusually long hours of work [and] arose out of and in the course of the employment." (J.A. 2) The compensation order of the deputy commissioner was reversed by the District Court and this appeal followed. We reverse and reinstate the award based on the findings of the deputy commissioner.

The Longshoremen's and Harbor Workers' Act affords compensation for any "accidental injury or death arising out of and in the course of employment,"[2] and provides that "the deputy commissioner shall have full power and authority to hear all questions in respect of"[3] claims filed. The findings of the deputy commissioner must be accepted unless "unsupported by subtsantial evidence on the record considered as a whole"[4] and may be set aside only "[i]f not in accordance with law."[5] Our limited scope of review does not permit us to shape a general rule for all cases of injuries "in transit" but only to decide whether, on the evidence in this particular case as it was presented to the deputy commissioner, there was a basis for the conclusion he reached. In short, it is *his* decision under the evidence, not our view as to the correct result, which is the heart of the matter.

The uncontradicted evidence before the deputy commissioner amply justified his conclusion that Appellant Van Devander's falling asleep while driving was directly induced by the exhaus-

1. Appellant Van Devander filed for compensation under the Longshoremen's and Harbor Workers' Compensation Act. 44 Stat. 1424 (1927), *as amended*, 33 U.S.C. §§ 901–950 (1957), made applicable to the District of Columbia by the Act of May 17, 1928, 45 Stat. 600 (1928), 36 D.C. Code §§ 501, 502 (1967).

2. 33 U.S.C. § 902(2), (1957).

3. 33 U.S.C. § 919(a) (1957).

4. O'Leary v. Brown-Pac.-Maxon, Inc., 340 U.S. 504, 508, 71 S.Ct. 470, 472, 95 L.Ed. 483 (1951); *accord, e. g.*, Voehl v. Indemnity Ins. Co. of North America, 288 U.S. 162, 166, 53 S.Ct. 380, 77 L.Ed. 676 (1933).

5. 33 U.S.C. § 921(b) (1957).

tion of 26 hours' continuous work during which he was deprived of sleep in order to perform his assigned work.

■ Appellees' argument that Workmen's Compensation does not extend to injuries sustained while the employee is proceeding to or from the performance of his employment expresses a broad and general truism but is not dispositive of the peculiar facts presented by this record. An important step in cases of employment-related injuries is to scrutinize the factual setting to determine whether there is a direct and positive causal connection between the employment and the injury. What is required to bring the claimant within the ambit of the statute is "continuity of cause * * * combined with continuity in time and space * * *." Field v. Charmette Knitted Fabric Co., 245 N.Y. 139, 141, 156 N.E. 642, 643 (1927) (Cardozo, J.).[6] This is illustrated by the numerous cases permitting recovery where the conditions of employment were found the cause of an injury occurring subsequent to the employee's departure from the work place.[7]

Situations in which compensation has been denied because no nexus existed between the job itself and an injury sustained while coming from or going to the job site[8] are easily distinguishable from this case. An examination of the "coming and going" cases discloses that the denial of compensation is predicated upon a finding that "ordinarily the hazards [the employees] encounter in such journeys are not incident to the employer's business." Voehl v. Indemnity Ins. Co. of North America, 288 U.S. 162, 169, 53 S.Ct. 380, 383, 77 L.Ed. 676 (1933). This speaks to the *ordinary*, the usual, the normal, the routine hazards which would attend travel between any two points rather than unusual hazards arising out of the foreseeable and abnormal consequences of requiring an employee to remain at his work for 26 hours. Where the hazard of the journey, as here, "arises" out of and in the course of extraordinary demands of employment there is a discernible causal relationship upon which to justify the administrative tribunal in attributing the hazard to the employment and hence responsibility for the resultant injury. Continuous work assignment by the employer of this employee for 26 hours was an extraordinary demand and foreseeably exposed the employee to the kind of risk which led to his injury. An employer who calls for such extended effort has a variety of alternatives to protect from such a hazard—the engagement of an alert driver or a taxi or providing facilities for restorative rest before undertaking travel, to mention only a few. Hence there was a substantial evidentiary basis underlying the deputy commissioner's finding that Appellant Van Devander's fatigue was a consequence of 26 hours of uninterrupted employment without rest and that this was the proximate cause of his falling asleep while driving home. The judgment of the District Court is vacated and these cases are remanded for entry of judgment affirming the action of the deputy commissioner.

Reversed and remanded.

WILBUR K. MILLER, Senior Circuit Judge (dissenting):

I think the "hazard"—that Van Devander might fall asleep as he drove his car after work—was not incident to his employer's business. The majority suggest the latter might easily have protected against that hazard by getting a taxi for Van Devander, by providing him

---

6. The causative analysis is of course considerate of the remedial intendment of the Act, which "is to be construed liberally for the benefit of employees and their dependents." Vozzolo v. Britton, 126 U.S. App.D.C. 259, 262, 377 F.2d 144, 147 (1967) (footnote omitted).

7. *Cf., e. g.,* Gould Nat'l Batteries v. Industrial Com'n, 34 Ill.2d 151, 214 N.E.2d 750 (1966); Klimas v. Trans Carribbean Airways, 10 N.Y.2d 209, 219 N.Y.S.2d 14, 176 N.E.2d 714 (1961).

8. *E. g.,* Foster v. Massey, 131 U.S.App.D. C., ——, 407 F.2d 343 (May 29, 1968).

with an alert driver, or giving him time to rest.

It does not appear that the appellant asked for any of these protections or that he indicated he was in need of help. He alone knew how tired and sleepy he was; so I think when he undertook to drive his car home, he was engaged in his own venture and assumed the risk that he might fall asleep. To hold the employer responsible for his mishap seems to me to be improper. I would affirm.