◼ In the Matter of the Claim of LORRAINE DELAND, Respondent, v HUTCHINGS PSYCHIATRIC CENTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [611 NYS2d 44] — Mikoll, J. Appeal from a decision of the Workers' Compensation Board, filed December 31, 1992, which ruled that claimant sustained an accidental injury in the course of her employment and awarded workers' compensation benefits.

The issue before us is whether claimant is entitled to the protection of the Workers' Compensation Law for injuries sustained on the way home from work after working a double shift and falling asleep at the wheel of her car due to extreme exhaustion. The Workers' Compensation Board held that the injury sustained by claimant constituted an accident arising out of and in the course of her employment, and awarded benefits.

Claimant was assigned to a psychiatric unit caring for children, ages four to 18, many of whom suffer from conduct disorders and are psychotic. They require constant attention. Claimant worked the 3:30 P.M. to midnight shift on July 3, 1992. Her replacement called in sick and, as a result, claimant continued to work past her shift until 4:00 A.M. on July 4, 1992, when she was finally able to find a replacement. Claimant was scheduled to work her regular July 4, 1992 shift of 3:30 P.M. to midnight, followed by a double shift from midnight to 8:00 A.M. on July 5, 1992. Claimant's supervisor testified that the double shift was required due to the holiday weekend.

Claimant testified that her work was rigorous due to the special needs of the children and, though she attempted to find a replacement for the night shift on July 3, 1992 because of the double shift facing her later the same day, it was to no avail and she ended up working to 4:00 A.M. Claimant's supervisor, Alice Cross, and the supervisor of nurses, Jean Nabinger, testified that employees are required by the employer to find replacements for the following shifts when they learn their replacement will not be coming in and, failing to locate a replacement, the employee would have to work the next shift. Sleeping is not allowed in the building. During the lunch break, a nurse is not permitted to leave the building if he or she is the only nurse on duty. Because of the holiday weekend, claimant was the solitary nurse on duty where, normally, two nurses are assigned. On her way home, claimant fell asleep at the wheel of her car and struck a wood pole, incurring serious facial and leg injuries.

The Workers' Compensation Law Judge held that there was a nexus established between the accident, claimant's falling asleep at the wheel of her car, and her working 28 out of 40 hours during the July 4, 1992 weekend. She concluded that having to drive home after such an exhausting schedule constitutes a reasonably anticipated hazard. The Board concurred, finding that the employer had called on claimant to work overtime and that her falling asleep was a direct result

of the unusually long hours, and that this constituted an accidental injury arising out of and in the course of her employment. The employer appeals.

Though employees are generally not deemed to be within the scope of their employment while traveling to and from work *(see, Matter of Greene v City of New York Dept. of Social Servs.,* 44 NY2d 322, 325), where there is a reasonable nexus between the risk to which an employee is exposed and the employment, recovery has been upheld *(see, Matter of Lemon v New York City Tr. Auth.,* 72 NY2d 324, 327). Exceptions to this rule have been recognized under a number of fairly identifiable categories, including circumstances where an employee is an outside worker *(Matter of Lepkowski v Chautauqua County Legislature,* 58 AD2d 704), when an employee is sent on a special errand by the employer *(Matter of Gray v Lyons Transp.,* 179 AD2d 985), when an employee is required to provide his or her own car for use during the workday *(Matter of Mang v Actus Auto. Distribs.,* 62 AD2d 1103), where an employer has agreed to pay travel expenses or provides transportation *(Matter of Gay v American Janitor Serv.,* 122 AD2d 402), where an employee's home is an extension of the employment premises *(Matter of Fine v S.M.C. Microsystems Corp.,* 75 NY2d 912), and where ingress or egress from the employer's premises creates a special hazard *(Matter of Husted v Seneca Steel Serv.,* 41 NY2d 140).

The instant case does not fall within the previously crafted exceptions to the general rule, but there is a substantial body of authority from other States and from the Federal courts as well which hold that such injuries are compensable *(e.g., Van Devander v Heller Elec. Co.,* 405 F2d 1108). We also note that a noted commentator has observed that compensability is the more favored rule in like circumstances *(see,* 1 Larson, Workmen's Compensation Law § 16.14). Although we cannot say that this record fails to contain substantial evidence to support the finding of nexus between claimant's employment and her injuries, in view of the Board's prior decision in *Gambino v New York State Div. for Youth* (WCB No. 5851 6458), which appears to reach a contrary result on essentially similar facts, the matter must be held and remitted to allow the Board to explain its reason for deviation.

Cardona, P. J., Weiss and Peters, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.