IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2023 Term

_____

No. 21-0841

_____

FILED
**March 6, 2023**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

PRECISION PIPELINE, LLC, JASON STROMBERG,
and VANESSA STROMBERG,
Defendants Below, Petitioners,

v.

MARK WEESE,
Plaintiff Below, Respondent.

_____

Appeal from the Circuit Court of Marshall County
The Honorable David W. Hummel, Jr.
Civil Action No. 21-C-9

REVERSED AND REMANDED

_____

Submitted: February 7, 2023
Filed: March 6, 2023

Allison M. Subacz, Esq.
Cy A. Hill, Jr., Esq.
Cipriani & Werner, P.C.
Charleston, West Virginia
Counsel for Petitioners

Joshua D. Miller, Esq.
Teresa C. Toriseva, Esq.
Michael A. Kuhn, Esq.
Toriseva Law
Wheeling, West Virginia
Counsel for Respondent

JUSTICE HUTCHISON delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.    "The West Virginia Workers' Compensation Act, W. Va. Code § 23-2-1 *et seq.,* is directed at compensating an employee who has suffered an injury or disease in the course of and resulting from his/her employment and at shielding the employer from liability outside the workers' compensation system for such injury." Syl. Pt. 3, in part, *Messer v. Huntington Anesthesia Grp., Inc.*, 218 W. Va. 4, 620 S.E.2d 144 (2005).

2.    "'By reason of the provisions of Sections 6 and 6a, Article 2, Chapter 23 of Code, 1931, as amended, an employee of a subscriber to the workmen's compensation fund who negligently injures a fellow employee during the course of their employment is not liable to respond in damages to the injured fellow employee for the personal injuries thus caused him.' Syllabus Point 2, *Bennett v. Buckner*, 150 W. Va. 648, 149 S.E.2d 201 (1966)." Syl. Pt. 4, *Goodman v. Auton*, -- W. Va. --, 880 S.E.2d 57 (2022).

3.    "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951).

**HUTCHISON, Justice**:

Petitioners Precision Pipeline, LLC ("Precision"), Jason Stromberg, and Vanessa Stromberg appeal the Circuit Court of Marshall County's order denying their motion to dismiss the complaint filed by Respondent Mark Weese for injuries he sustained in the course and scope of his employment with Precision and for which he received workers' compensation benefits. Upon review, we conclude that the circuit court erred in denying petitioners' motion to dismiss because workers' compensation immunity applies to bar respondent's claims. Accordingly, we reverse the circuit court's order.

## I. Factual and Procedural Background

We are asked to review a circuit court's order denying a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. When reviewing an order denying a Rule 12(b)(6) motion to dismiss a plaintiff's complaint, we are mindful that "the preference is to decide cases on their merits" and so we are required to "construe the complaint in the light most favorable to the plaintiff" and to accept the allegations therein as true. *Sedlock v. Moyle*, 222 W. Va. 547, 550, 668 S.E.2d 176, 179 (2008) (citing *John W. Lodge Distrib. Co. v. Texaco, Inc.*, 161 W. Va. 603, 604-05, 245 S.E.2d 157, 158-59 (1978)). Therefore, our recitation of the relevant facts is derived from the allegations as presented by respondent in his complaint.

1

Respondent was employed by Precision at a pipeline construction project in Marshall County on April 12, 2019, when he severely injured his left leg while dragging a fuel hose. Witnesses to respondent's injury called for assistance and Petitioner Vanessa Stromberg, the site Emergency Medical Technician (EMT) and a Precision employee, responded. Respondent alleges that, despite her title, Ms. Stromberg is not a licensed EMT; that she "provided no actual medical assistance or intervention on site;" and that "no ambulance or outside medical assistance" was summoned. According to respondent, "worksite directives, plans to address injuries, public policy to treat medical emergencies, and West Virginia Code § 21-3-1"[1] required that respondent "be taken to the nearest medical facility for immediate care." Although respondent was placed "into a pickup truck for transportation to a medical facility," he was taken, instead, to Precision's "yard" or "office" located in McMechen, West Virginia, where he was transferred to another vehicle driven by a Precision employee and ultimately transported to a MedExpress urgent care facility.[2] Respondent was advised that x-rays of his leg showed that it was not broken.

---

[1] West Virginia Code § 21-3-1 (1937) provides, inter alia, as follows:

> Every employer shall furnish employment which shall be reasonably safe for the employees therein engaged and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render employment and the place of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees[.]

[2] Respondent alleges that, en route to Precision's office, the driver of the first truck drove past the nearest hospital, Reynolds Memorial Hospital.

2

However, once he was "seen at an appropriate medical care facility, licensed medical care professionals determined [that he] suffered a broken ankle" and a torn Achilles tendon. Respondent alleges that he has been unable to work and has suffered permanent injuries as a direct result of Precision's negligence "in seeking acute medical care for [him]" and "the lack of competent immediate [sic] medical care." Respondent further alleges in his complaint that "supervisors and other Precision Pipeline employees received monetary bonuses based in part on workplace safety and limiting reportable workplace injuries[,]" and that petitioners "conspired to provide the bare minimum emergency medical response to [respondent] to ensure that safety bonuses were not affected."

Because respondent's injury occurred in the course and scope of his employment, he received workers' compensation benefits for his injury. He also filed the instant complaint alleging claims of negligent hiring, retention, and supervision against Precision with respect to employees and co-petitioners Jason Stromberg[3] and Vanessa Stromberg (Count 1); negligence against all three petitioners (Count 2); vicarious liability against Precision (Count 3); and punitive damages (Count 4).

---

[3] Petitioner Jason Stromberg is identified in the complaint as a superintendent employed by Precision and the spouse of Petitioner Vanessa Stromberg. Respondent alleges that "Jason Stromberg secured Vanessa Stromberg's position as an EMT because she is his wife."

3

On May 25, 2021, petitioners filed a motion to dismiss respondent's complaint under Rule 12(b)(6) on the ground that they are entitled to workers' compensation immunity from respondent's common law tort claims because respondent's injury occurred while he was working within the course and scope of his employment and while Petitioners Jason Stromberg and Vanessa Stromberg were acting in furtherance of Precision's business.[4] The circuit court conducted a hearing and, by order entered on September 20, 2021, it denied petitioners' motion. It is from this order that petitioners now appeal.

## II. Standard of Review

An order denying a Rule 12(b)(6) motion to dismiss is an interlocutory ruling that, ordinarily, is not reviewable on appeal because it is not a final order. *See* Syl. Pt. 2, *State ex rel. Arrow Concrete Co. v. Hill*, 194 W. Va. 239, 460 S.E.2d 54 (1995). However, where, as here, the circuit court's ruling forecloses a workers' compensation immunity defense, the collateral order doctrine applies, and the ruling is subject to immediate appeal.[5]

---

[4] *See* W. Va. Code § 23-2-6 (2003) and § 23-2-6a (1949) (providing, respectively, for employer and employee immunity under West Virginia's workers' compensation law), discussed *infra.* West Virginia Code § 23-2-6 was amended in 2022, but the changes do not affect our decision in the instant appeal.

[5] The collateral order doctrine applies where an interlocutory order "(1) conclusively determines the disputed controversy, (2) resolves an important issue completely separate from the merits of the action[], and (3) is effectively unreviewable on appeal from a final judgment." *Robinson v. Pack*, 223 W. Va. 828, 832, 679 S.E.2d 660, 664 (2009) (internal citations omitted).

*See Edwards v. Stark*, 247 W. Va. 415, 880 S.E.2d 881 (2022) (reversing circuit court's order denying motion to dismiss complaint filed by employee's widow where defendant co-employees were immune from liability under workers' compensation law and widow failed to allege valid deliberate intent claim).[6]

Our appellate review of the circuit court's decision is de novo. *See* Syl. Pt. 1, *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 854 S.E.2d 870 (2020). Finally, we have instructed that dismissal under Rule 12(b)(6) is only proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, in part, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977) (internal citation omitted).

### III. Discussion

It is well understood that West Virginia's workers' compensation law was "designed to release both an employer and its employees from common-law rules of liability and damage, protect an employer from expensive and unpredictable litigation, and provide compensation for injuries to employees without the burdensome requirements of

---

[6] Following the filing of petitioners' Notice of Appeal with this Court and entry of a scheduling order, respondent filed a motion to dismiss the appeal "for lack of an appealable order, ruling, or judgment" pursuant to West Virginia Rule of Appellate Procedure 31. Petitioners filed a response opposing the motion. By order entered on January 6, 2022, the motion to dismiss was denied.

proving common-law negligence." *Erie Ins. Prop. & Cas. Co. v. Stage Show Pizza, JTS, Inc.*, 210 W.Va. 63, 68, 553 S.E.2d 257, 262 (2001); *see also Meadows v. Lewis,* 172 W.Va. 457, 469, 307 S.E.2d 625, 638 (1983) ("The benefits of this system accrue both to the employer, who is relieved from common-law tort liability for negligently inflicted injuries, and to the employee, who is assured prompt payment of benefits.").

At issue in this appeal is whether the common law tort claims alleged in respondent's complaint fall within the scope of immunity afforded by West Virginia's Workers' Compensation Act. West Virginia Code § 23-2-6 provides, in relevant part, that

> [a]ny employer subject to this chapter who procures and continuously maintains workers' compensation insurance as required by this chapter or who elects to make direct payments of compensation as provided in this section is not liable to respond in damages at common law or by statute for the injury or death of any employee, *however occurring*, after so subscribing or electing, and during any period in which the employer is not in default and has complied fully with all other provisions of this chapter. Continuation in the service of the employer shall be considered a waiver by the employee and by the parents of any minor employee of the right of action as aforesaid, which the employee or his or her parents would otherwise have[.]

(Emphasis added). We have explained that the term "however occurring," as used in this section, means "'an employee who is injured in the course of and as a result of his employment, and one who, under the common-law principles of master and servant, could have maintained an action against his employer.'" *Falls v. Union Drilling, Inc.*, 223 W.

Va. 68, 72, 672 S.E.2d 204, 208 (2008) (quoting *Cox v. United States Coal & Coke Co.*, 80 W. Va. 295, 92 S.E. 559, 561 (1917)).

> The Legislature intended for W.Va. Code § 23-2-6 (1991) to provide qualifying employers sweeping immunity from common-law tort liability for negligently inflicted injuries. As this Court succinctly stated in *State ex rel. Frazier v. Hrko,* 203 W.Va. 652, 659, 510 S.E.2d 486, 493 (1998), "[w]hen an employer subscribes to and pays premiums into the Fund, and complies with all other requirements of the Act, the employer is entitled to immunity for any injury occurring to an employee and 'shall not be liable to respond in damages at common law or by statute.' W.Va.Code § 23–2–6 [1991]."

*Bias v. E. Assoc'd. Coal Corp.*, 220 W. Va. 190, 194, 640 S.E.2d 540, 544 (2006). We have held: "The West Virginia Workers' Compensation Act, W. Va. Code § 23-2-1 *et seq.,* is directed at compensating an employee who has suffered an injury or disease in the course of and resulting from his/her employment and at shielding the employer from liability outside the workers' compensation system for such injury." Syl. Pt. 3, in part, *Messer v. Huntington Anesthesia Grp., Inc.*, 218 W. Va. 4, 620 S.E.2d 144 (2005).

The sweeping immunity afforded to employers by West Virginia Code § 23-2-6 extends to acts of fellow employees by virtue of West Virginia Code § 23-2-6a, which provides: "The immunity from liability set out in the preceding section shall extend to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention." As we held in syllabus point 4 of *Goodman v. Auton*, -- W. Va. --, 880 S.E.2d 57 (2022),

7

> "By reason of the provisions of Sections 6 and 6a, Article 2, Chapter 23 of Code, 1931, as amended, an employee of a subscriber to the workmen's compensation fund who negligently injures a fellow employee during the course of their employment is not liable to respond in damages to the injured fellow employee for the personal injuries thus caused him." Syllabus Point 2, *Bennett v. Buckner*, 150 W. Va. 648, 149 S.E.2d 201 (1966).

*Accord* Syl. Pt. 2, *Edwards,* 247 W. Va. at --, 880 S.E.2d at 883.

In this case, it is undisputed that respondent has received workers' compensation benefits for his injury. Nonetheless, the circuit court determined that workers' compensation immunity does not apply to bar respondent's common law tort claims against petitioners (his employer and two of his fellow employees). In his complaint, respondent alleged that Precision negligently hired, retained, and supervised Petitioner Vanessa Stromberg, whom Precision employed as an EMT but who, respondent contends, was not qualified to hold that position, and provided no actual medical assistance at the time of respondent's injury. Respondent alleged that Precision's negligent hiring, retention, and supervision of Stromberg increased the risk of harm to respondent and other employees expecting to receive proper medical care when needed and argues that "this is negligence of a kind not contemplated by W. Va. Code § 23-2-6 and § 23-2-6[a]."

Respondent further alleged in his complaint that, following his initial injury, the negligence of Stromberg and other employees in failing to directly transport him to a hospital for appropriate medical care so that they might earn monetary safety bonuses "caused additional damage[] . . . over and above his workplace injury." Respondent argues

8

that, in that instance, Precision employees were not acting in furtherance of Precision's business, and, as such, are not immune from suit. *See* W. Va. Code § 23-2-6a (extending workers' compensation immunity to employee "when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention"). By the same token, respondent also alleged that Precision is vicariously liable for its employees' conduct as they were "were acting as the agents, representatives, and employees of [Precision] when they committed the acts alleged herein[,]" that Precision is liable to respondent "for injuries caused to him by employees in the course and scope of their employment[,]" and that Petitioners Jason Stromberg and Vanessa Stromberg "were acting as agents of [Precision] when they took actions harming [respondent]."[7]

Petitioners counter that the claims in respondent's complaint are nothing more than a legally unsupported attempt to circumvent petitioners' statutory immunity from suit. Because respondent was injured in the course and scope of his employment, as evidenced by his award of workers' compensation benefits, and because he alleges negligent acts by his fellow employees in the furtherance of the employers' business, workers' compensation immunity applies to bar his claims. We agree with petitioners.

---

[7] *See* W. Va. R. Civ. P. 8(e)(2), in part ("A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or on equitable grounds or on both.").

9

In determining that there is immunity in this case, we look no further than the allegations of respondent's complaint, allegations which we construe in the light most favorable to respondent and have accepted as true. *See Sedlock*, 222 W. Va. at 550, 668 S.E.2d at 179. Respondent has received workers' compensation benefits for his injury. "The award of workers' compensation benefits to the plaintiff necessarily embraces a determination that his injuries were sustained *during the course of and as a result of his employment.*" *Bennett*, 150 W. Va. at 653, 149 S.E.2d at 204 (emphasis added). *See also* Syl. Pt. 2, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970) ("In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment."). Though respondent claims that Precision's negligence in hiring, retaining, and supervising Petitioner Vanessa Stromberg as an EMT is not the type of employer negligence contemplated by our workers' compensation law such that immunity should bar his claim, he cites to no supporting legal authority for this proposition and, indeed, ignores the clear and unambiguous language of West Virginia Code § 23-2-6, which dictates that immunity does apply to respondent's claim. "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951). West Virginia Code § 23-2-6 expressly provides that qualified employers are "not liable to respond in damages at common law . . . for the injury or death of any employee, *however occurring*[.]" *Id.*, in pertinent part (emphasis added). As we have already noted, "however occurring"

10

means "an employee who is injured in the course of and as a result of his employment, and one who, *under the common-law principles of master and servant, could have maintained an action against his employer." Falls*, 223 W. Va. at 72, 672 S.E.2d at 208 (emphasis added). Clearly, respondent, who concedes that he was injured in the course of and as a result of his employment, could have maintained an action against Precision under the common law principles of master and servant. Accordingly, workers' compensation immunity bars respondent's claim for negligent hiring, retention, and supervision.[8]

As for respondent's claim that his fellow employees, including Petitioner Vanessa Stromberg, acted negligently after respondent sustained his initial injury by failing to directly transport him to a nearby healthcare facility or to otherwise properly care for his work-related injury, thereby causing additional damage, we similarly find that immunity applies to bar this claim. It is beyond cavil that Stromberg and other employees were acting in furtherance of Precision's business when they attended to respondent following his injury. The allegations in respondent's complaint state that Petitioner Vanessa Stromberg,

---

[8] We observe that other jurisdictions have similarly held that the exclusive remedy provisions of their respective workers' compensation laws operate to bar an employee's claim against an employer for the negligent hiring, retention, training, and/or supervision of a fellow employee who commits a work-related tortious act. *See e.g., Uzzolino v. Corriveau*, C/A No. 9:22-cv-01738 2022 WL 18635181 (D. S.C. 2022); *Ellis v. Washington*, 409 F. Supp.3d 148 (W.D.N.Y. 2019); *Hilliard v. Parish*, 991 F.Supp.2d 769 (E.D. La. 2014); *Doe v. Footstar Corp.*, 980 So.2d 1266 (Fla. Dist. Ct. App. 2008); *Doe v. La Magdalena II, Inc.*, 585 F. Supp.2d 984 (N.D. Ill 2008); *Silvestre v. Bell Atlantic Corp.*, 973 F. Supp. 475 (D. N.J. 1997); *Frank v. L.L. Bean, Inc.*, 352 F.Supp.2d 8 (D. Maine 2005); *Estate of Harris v. Papa John's Pizza*, 679 N.W.2d 673 (Iowa 2004); *Urdiales v. Concord Tech. Del., Inc.*, 120 S.W.3d 400 (Tex. App. 2003); *Popovich v. Irlando*, 811 P.2d 379 (Colo. 1991).

11

a supposed EMT employed by Precision, was summoned to the site where respondent was injured, that she failed to provide medical assistance, and that she and other Precision employees drove past a nearby hospital in order to transport respondent first to Precision's office, transferring him to another vehicle, and finally driving him to MedExpress. Respondent's own account of the events at issue – including that the employees' actions were motivated by monetary safety bonuses allegedly offered by their employer – clearly shows that they were acting in furtherance of their employer's business, albeit negligently so. As such, Stromberg and her fellow employees are immune from suit.[9] The circuit court erred in finding otherwise and in refusing to dismiss respondent's complaint for failing to state a claim under Rule 12(b)(6).

---

[9] To be clear, given the basis of respondent's complaint – (1) that the alleged tortious conduct at issue "is negligence of a kind not contemplated by" the workers' compensation immunity provisions, and (2) which averred that his fellow employees did not act in furtherance of the employer's business when they failed to properly care for him after he sustained his workplace injury – respondent does not allege that any of the limited exceptions to workers' compensation immunity apply here. *See Bias*, 220 W. Va. at 190, 640 S.E.2d at 540, at syl. pt. 2 ("An employer who is otherwise entitled to the immunity provided by W. Va. Code § 23-2-6 (1991) may lose that immunity in only one of three ways: (1) by defaulting in payments required by the Workers' Compensation Act or otherwise failing to be in compliance with the Act; (2) by acting with 'deliberate intention' to cause an employee's injury as set forth in W.Va. Code § 23-4-2(d); or (3) in such other circumstances where the Legislature has by statute expressly provided an employee a private remedy outside the workers' compensation system."). Indeed, in his brief on appeal, respondent explicitly states that his "complaint intentionally omitted any reference to *Bias* as [r]espondent is not attempting to defeat workers['] compensation immunity as provided by W. Va. Code § 23-2-6."

## IV. Conclusion

Based upon all of the foregoing, we reverse the circuit court's order denying petitioners' motion to dismiss and remand for entry of an order consistent with this opinion.

Reversed and Remanded.