IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LISA PERRINE,**
**Claimant Below, Petitioner**

**v.) No. 25-ICA-232**        (JCN: 2024023128)

**WEST VIRGINIA DEPARTMENT**
**OF HEALTH AND HUMAN SERVICES,**
**WILLIAM R. SHARPE, JR. HOSPITAL,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Lisa Perrine appeals the May 8, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia Department of Health and Human Services, William R. Sharpe, Jr. Hospital ("Hospital") timely filed a response.[1] Ms. Perrine did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's order but no substantial question of law.  For these reasons, a memorandum decision reversing the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 30, 2024, Ms. Perrine, a nurse, presented to Stonewall Jackson Memorial Hospital Emergency Room and reported left wrist pain after a fall. Ms. Perrine indicated that she had stepped out of her car and fell backward on the paint midline. X-rays of the left wrist showed a comminuted fracture of the distal radius and an ulnar styloid avulsion fracture. The diagnosis was distal radius fracture and distal end of ulnar fracture, closed. Ms. Perrine was excused from work from June 30, 2024, to July 5, 2024.

Also on June 30, 2024, Ms. Perrine completed an Employees' and Physicians' Report of Occupational Injury. Ms. Perrine indicated that she injured her left wrist when she slipped and fell getting out of her car after a work break. The physicians' portion listed a left distal radius ulnar fracture, which occurred as a result of an occupational injury.

---

[1] Ms. Perrine is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. The Hospital is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

Heather Wagoner, a Human Resources representative at the Hospital, completed an undated First Report of Injury. Ms. Wagoner indicated that Ms. Perrine was injured on June 30, 2024. Ms. Wagoner stated that Ms. Perrine was a registered nurse at the Hospital. Regarding the accident, Ms. Wagoner indicated that Ms. Perrine was walking in the Hospital's parking lot when she fell to the ground, resulting in a left wrist fracture. Ms. Wagoner stated that the injury occurred at 1:30 a.m.

Ms. Perrine was seen by Christopher Chen, M.D., on July 3, 2024, for a follow-up. Dr. Chen noted that Ms. Perrine fell on her left wrist while in a parking lot four days ago. Dr. Chen assessed left wrist fracture and recommended an open reduction internal fixation of the left distal radius. On July 4, 2024, Dr. Chen performed an open reduction and internal fixation of the left distal radius to repair the left wrist fracture. The postoperative diagnosis was left distal radius fracture.

Ms. Perrine was seen by Liang Zhou, M.D., on July 18, 2024. Dr. Zhou assessed a left wrist fracture, status-post distal radius open reduction and internal fixation. X-rays suggested a possible subsidence/screw migration within the radiocarpal joint, and Dr. Zhou ordered a CT scan.

On July 25, 2024, the claim administrator issued an order rejecting the claim. The claim administrator found that Ms. Perrine's alleged disability was not due to an injury or disease received in the course of and resulting from her employment, because she was in the parking lot on her work break and was not performing a work-related activity. Ms. Perrine protested this order to the Board.

On October 24, 2024, Ms. Perrine was deposed, and she testified that on June 30, 2024, she went to her vehicle, which was parked in the Hospital parking lot, for her forty-five-minute unpaid lunch break, but she did not leave the premises. Ms. Perrine stated that as she took two steps to exit her vehicle, she slipped and fell on the wet parking lot surface, and that she was not carrying anything when she fell. Ms. Perrine indicated that she was not in a rush when she fell. Further, Ms. Perrine stated that she and other employees were allowed to go to their cars during breaks and that it was common to do so as the employer's break room was very small and often full. Ms. Perrine indicated that, especially with COVID-19, there were not supposed to be a lot of people in the breakroom. Ms. Perrine stated that she sought medical attention at the emergency room and ended up having surgery for her wrist. Ms. Perrine stated that she signed up for physical therapy and that she continued to have pain and limited range of motion in her wrist.

By order dated May 8, 2025, the Board affirmed the claim administrator's order rejecting the claim. The Board found that based on a preponderance of the evidence, Ms. Perrine did not suffer an injury in the course of and resulting from her employment. It is from this order that Ms. Perrine now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Ms. Perrine argues that the Board's decision is clearly wrong because she fell and broke the radius and ulna of her left arm in the course of and resulting from her employment with the Hospital. Further, Ms. Perrine asserts that the Board incorrectly applied the increased risk test in *Hood v. Lincare Holdings*, 249 W. Va. 108, 894 S.E.2d 890 (2023) and wrongly found that no increased risk of injury could be attributed to her job. We agree.

In order for a workers' compensation claim to be held compensable, three elements must coexist: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Here, the Board found that, based on a preponderance of the evidence, Ms. Perrine did not suffer an injury in the course of and resulting from her employment. Ultimately, the Board found that even though Ms. Perrine was at work when she fell, the evidence does not establish that she was injured as a result of her employment, because she fell while she was getting out of her car after taking an unpaid lunch break and that there was no increased risk attributable to her job.

Upon review, we conclude that the Board was clearly wrong in finding that Ms. Perrine did not suffer an injury in the course of and as a result of her employment. The record establishes that Ms. Perrine slipped on a wet parking strip while returning from her lunch break on the Hospital's property. The Supreme Court of Appeals of West Virginia ("SCAWV") has held that "[a]n employee is entitled to compensation for an injury

sustained in going to or coming from his work, only where such injury occurs within the zone of employment, and that zone must be determined by the circumstances of the particular case presented." Syl. Pt. 3, *Williby v. W. Va. Off. Ins. Comm'r*, 224 W. Va. 358, 686 S.E.2d 9 (2009) (citing Syl. Pt. 1, *Carper v. Workmen's Comp.* Comm'r, 121 W. Va. 1, 1 S.E.2d 165 (1939)). In *BB&T v. Whipple*, No. 17-0995, 2018 WL 2406018, at *2 (W. Va. May 29, 2018) (memorandum decision), the Supreme Court of Appeals affirmed the Board's order holding a claim compensable where the claimant was returning to work after his lunch break when he fell while trying to pick up his credit card due to uneven pavement on the employer's property.

Moreover, in *Hood*, the SCAWV noted that Mr. Hood was injured while merely walking down stairs when he felt a pop in his knee but did not slip, trip, or fall. 249 W. Va. at 116, 894 S.E.2d at 898. The Court held that: "In the context of workers' compensation law, there are four types of injury-causing risks commonly faced by an employee at work: (1) risks directly associated with employment; (2) risks personal to the claimant; (3) mixed risks, and (4) neutral risks" and determined that Mr. Hood's risk while descending a short set of stairs for his work did not place him at an increased risk. *Id*. at 110, 894 S.E.2d at 892, syl. pt. 4.

Here, the Board mischaracterized Ms. Perrine's injury as "merely getting out of the car" and did not consider her testimony that she slipped on a wet parking stripe on the employer's premises while returning to work after a lunch break. The Board relied on *Kittle v. ACNR Resources, Inc.*, 252 W. Va. 57, 918 S.E.2d 307 (Ct. App. 2023). However, *Kittle* is distinguishable from the facts in this case because Mr. Kittle was not injured from a fall. Mr. Kittle was only walking when he felt a popping sensation and pain in his foot. This Court emphasized that Mr. Kittle did not slip, trip, or fall. Similarly, in *Hood*, the West Virginia Supreme Court of Appeals noted Mr. Hood did not slip, trip, or fall. In the instant case, Ms. Perrine sustained an injury from a fall, which is a compensable event.

In summary, Ms. Perrine testified that she remained in her vehicle on the employer's property for the entirety of her lunch break. Further, Ms. Perrine testified that she was allowed to eat in her car because the breakroom was very small and often full. The record establishes that Ms. Perrine fell and sought treatment at the Stonewall Jackson Emergency Department on the date of the incident, where she was diagnosed with a distal radius fracture and a distal end of ulnar fracture. Based on the foregoing, we conclude the Board was clearly wrong in finding that Ms. Perrine did not suffer an injury in the course of and as a result of her employment.

Accordingly, we reverse the Board's May 8, 2025, order.

Reversed.

**ISSUED:**  February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White